# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Case No.: 16-1454

\* \* \* \* \* \* \* \* \* \* \* \* \*
GUY IRWIN,               \*
                              \*
           Petitioner,        \*             Filed: June 17, 2026
                              \*
v.                            \*             Chief Special Master Corcoran
                              \*
SECRETARY OF HEALTH      \*
AND HUMAN SERVICES,       \*
                              \*
           Respondent.       \*
\* \* \* \* \* \* \* \* \* \* \* \* \*

*Renee J. Gentry,* The Law Office of Renee J. Gentry, Washington, D.C., for petitioner.

*Adam N. Muffett,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION GRANTING AN AWARD OF FINAL ATTORNEY'S FEES AND COSTS[1]

On November 4, 2016, Guy Irwin filed his claim in the National Vaccine Injury Compensation Program,[2] alleging that he suffered a stroke after receiving an influenza vaccine on November 7, 2014. Petition (ECF No. 1). at ¶ 5. On January 23, 2024, a Ruling on Entitlement was entered, and then damages were resolved two years later. *See* Ruling on Entitlement (ECF No. 112); Decision on Damages (ECF No. 169).

Petitioner filed a motion for final attorney's fees and costs on February 24, 2026, requesting a total of $124,558.18 ($81,375.45 in fees and $42,182.73 in costs). Petitioner's Motion for Final Fees ("Fee App.") (ECF No. 173). Respondent reacted to the motion on March 10, 2026,

---

[1] This Decision will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "The Program" or "Program"]. Individual section references hereafter will be to Section 300aa of the Act.

requesting that the Court exercise its discretion in awarding reasonable final fees award in this matter. Response (ECF No. 174).

## ANALYSIS

I have reviewed the hourly rates for work performed by Petitioner's counsel, Ms. Renee Gentry, and deem them reasonable and consistent with the OSM Attorney Fee Schedule, as well as what she has been awarded in prior cases. *See Costello v. Sec'y of Health & Hum. Servs.,* No. 23-1228V, 2025 WL 1912764 (Fed. Cl. Spec. Mstr. June 16, 2025). Accordingly, no adjustment in Ms. Gentry's hourly rate is necessary. I have also reviewed the submitted billing entries and finds the total number of hours billed to be reasonable, and will award the time in full.

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 67, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013).

Petitioner is requesting $42,182.73 in attorney's costs. Fee App. at 42-43. These costs are associated with obtaining the hearing transcript, medical record requests, mailing costs, work performed by Petitioner's life care planner, and the final invoice for Petitioner's expert, Dr. Carlo Tornatore. Petitioner has submitted the appropriate documentation for these costs, including detailed invoices, and the costs incurred have been demonstrated to be reasonable. Accordingly, the full amount requested shall be awarded.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). Therefore, I **GRANT** Petitioner's Motion for final attorney's fees and costs. **I award a total of $124,558.18 (reflecting $81,375.45 in fees and $42,182.73 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**/s/ Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master